IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIMOTHY D. SPRAGUE,**

        **Plaintiff,**

   vs.                                      Civil Action 2:14-cv-1234
                                                    Judge Graham
                                                    Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income. This matter is now before the Court on plaintiff's *Statement of Errors*, Doc. No. 16, *Defendant's Memorandum in Opposition*, Doc. No. 19, and *Plaintiff's Reply,* Doc. No. 20.

**I.   Background**

Plaintiff Timothy D. Sprague filed his applications for benefits on October 29, 2010.[1] *PAGEID* 63, 247-54. The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on February 27, 2013, at which plaintiff, represented by a non-attorney representative, appeared and

---

[1] Plaintiff's applications originally alleged that he has been disabled since August 20, 2010. *PAGEID* 63, 247-54. At the administrative hearing, plaintiff amended his alleged onset date to July 11, 2012. *PAGEID* 85.

testified, as did Shannon Hinzman, who testified as a vocational expert. *PAGEID* 82.  In a decision dated March 7, 2013, the administrative law judge concluded that plaintiff was not disabled from July 11, 2012, through the date of the administrative decision. *PAGEID* 63-76.  That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 19, 2014.  *PAGEID* 51-53.

Plaintiff was 48 years of age on the date of the administrative decision.  *See PAGEID* 76, 247.  He is insured for disability insurance purposes through June 30, 2015.  *PAGEID* 65.  Plaintiff has at least a high school education, is able to communicate in English, and has past relevant work as a heating and cooling installer and in auto parts positions.  *PAGEID* 74.  He has not engaged in substantial gainful activity since July 11, 2012, the amended alleged onset date.  *PAGEID* 65.

**II.  Administrative Decision**

The administrative law judge found that plaintiff's severe impairments consist of low back pain, osteoarthritis, and depression. *Id*.  The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b).
> He can occasionally climb ramps, stairs, ladders, ropes,
> and scaffolds, balance, stoop, kneel, crouch, and crawl.
> He must avoid concentrated exposure to extreme cold,
> vibration, and hazards such moving [sic] machinery and
> unprotected heights.  He can perform simple, routine and

>     repetitive tasks with occasional decision making and
>     occasional interaction with coworkers and the public.

PAGEID 67-69.  Although this RFC precludes the performance of plaintiff's past relevant work as a heating and cooling installer and in auto parts positions, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is nevertheless able to perform a significant number of jobs in the national economy, including such representative jobs as nonpostal mail clerk, hand packer, and assembler.  PAGEID 74-75.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from July 11, 2012, through the date of the administrative decision.  PAGEID 76.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of*

*Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In his *Statement of Errors*, plaintiff argues that the administrative law judge erred in evaluating the medical opinions of H.L. Krupadev, M.D., and Regina McKinney, Psy.D. *Statement of Errors*, pp. 9-12. Plaintiff argues that the administrative law judge misrepresented Dr. Krupadev's opinion by stating that Dr. Krupadev found "some range of motion limitations" instead of "significant" range of motion limitations and that he failed to explain how Dr. Krupadev's opinion was inconsistent with the medical evidence. *Id*. at pp. 10-11. Plaintiff argues that the administrative law judge erred in discounting Dr. McKinney's opinion on the basis that she "relied on records from 2008 and 2009 and on the claimant's representations." *Id*. at p. 11. Plaintiff also argues that, by discounting the opinions of Dr. Krupadev and Dr. McKinney, the administrative law judge "had to substitute his lay opinion for that of [the] medical opinion[s,] . . . [which] is strictly prohibited." *Id*. at p. 12.

4

Plaintiff was consultatively evaluated by Dr. Krupadev on October 18, 2012, *PAGEID* 484-96, and by Dr. McKinney on October 31, 2012. *PAGEID* 497-506.  As consultative examiners, Dr. Krupadev and Dr. McKinney are properly classified as nontreating sources.  *See* 20 C.F.R. §§ 404.1502, 416.902 ("Nontreating source means a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant].").  With regard to nontreating sources, the agency will simply "give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined" the claimant.  20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).  In evaluating the opinion of a nontreating source, an administrative law judge should consider such factors as "the evidence that the physician offered in support of her opinion, how consistent the opinion is with the record as a whole, and whether the physician was practicing in her specialty."  *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 514 (6th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)).

The administrative law judge summarized Dr. Krupadev's report and evaluated Dr. Krupadev's opinion, but assigned it "no weight:"

> On examination of October 2012, Dr. Krupadev observed the claimant was well oriented, appeared his stated age and was in no acute distress, but had moderate discomfort secondary to pain.  The claimant was able to get on and off the examination table, he was able to dress, undress, write, grasp, and perform normal activities with his hands.  He was unable to walk on heels, toes, and squat.  Lower extremities examination revealed normal range of motions, except for decreased range of motion for both hips, both knees, and left ankle joint.  There was deformity noted

5

> involving the left ankle with decreased range of motion. Musculoskeletal evaluation revealed no muscle weakness or atrophy. There was tenderness noted with palpation of the cervical and dorsolumbar region of the spine and the paraspinal muscles of the area. There was decreased range of motion noted for the cervical and dorsolumbar spine. Gait was abnormal, slow, and hesitant, with the assistance of a cane on the left. Neurological examination revealed normal sensory and motor functions. Deep tendon reflexes were 2+ and equal in upper and lower extremities. Dr. Krupadev assessed the claimant with low back pain and neck pain or cervicalgia (Exhibit 9F). However, a follow up examination with [plaintiff's treating provider Lloyd D. Dennis, M.D.] in December 2012 revealed the claimant to be in no acute distress. His back was normal. Dr. Dennis assessed the claimant with osteoarthritis (Exhibit 12F, p. 3).
>
> . . .
>
> Following the October 2012 examination, Dr. Krupadev opined the claimant is unable to lift/carry any weight, sit for 30 minutes for a total of 1 hour, stand 30 minutes for a total of 1 hour, and walk 30 minutes for a total of 1 hour. He further opined the claimant is unable to reach (overhead), reach (all other), and push/pull with either hand, and frequently handle, finger, or feel with either hand. He opined the claimant could occasionally operate controls with either foot. Dr. Krupadev also opined the claimant is able to occasionally climb stairs and ramps, but may never climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl. He indicated the claimant could handle frequent exposure to dusts, odors, fumes, and pulmonary irritants; occasional exposure to operating a vehicle and extreme heat; but no exposure to unprotected heights, moving mechanical parts, extreme cold, and vibrations, as well as a moderate level of noise. Dr. Krupadev concluded that the claimant is incapable of employment (Exhibit 9F). I give no weight to Dr. Krupadev's opinion, as his findings are inconsistent with the claimant's medical evidence of record and with his own examination, which found some range of motion limitations and tenderness in the spine, but no weakness or atrophy. He did note abnormal gait and use of a cane, but this does not appear in any treating notes. It appears Dr. Krupadev relied on the claimant's representations and claimant is not credible.

*PAGEID* 71-73.

The administrative law judge accurately summarized Dr. Krupadev's report and opinion and was sufficiently specific as to the reasons for assigning Dr. Krupadev's opinion no weight. The administrative law judge discounted Dr. Krupadev's opinion because it was "inconsistent with the claimant's medical evidence of record and with his own examination." *PAGEID* 73. The administrative law judge noted that plaintiff continued to work "despite the . . . lumbar and cervical MRI findings in 2010 with assertions of debilitating pain as a result thereof." *PAGEID* 70. The administrative law judge noted that plaintiff reported working during this time without receiving special assistance on the job and that he missed less than one day of work per month in a 17 month time period. *Id*. The administrative law judge evaluated the medical evidence and found that plaintiff's back and neck condition "appears stable before his alleged onset date and . . . after his amended alleged onset date." *PAGEID* 70-71. The administrative law judge found that Dr. Krupadev's evaluation was inconsistent with "a follow up examination with Dr. Dennis in December 2012," which "revealed the claimant to be in no acute distress. His back was normal. Dr. Dennis assessed the claimant with osteoarthritis." *PAGEID* 71. The administrative law judge also explained that, although Dr. Krupadev noted plaintiff's use of a cane, "this does not appear in any treating notes," and that, based on a form completed by plaintiff in December 2010, it appeared "the use of this cane is volitional and not based on a medical necessity." *PAGEID*

72-73.  The administrative law judge further discounted Dr. Krupadev's opinion because he appeared to rely on plaintiff's subjective complaints, which the administrative law judge also found to be not entirely credible.  *PAGEID* 70, 73.  In short, the administrative law judge was sufficiently specific as to the amount of weight assigned to Dr. Krupadev's opinion and the reasons for assigning that weight, and his analysis is supported by substantial evidence, as cited by the administrative law judge.

Plaintiff also argues that the administrative law judge misrepresented Dr. Krupadev's evaluation in stating that Dr. Krupadev found "some range of motion limitations," when Dr. Krupadev actually noted "significant" limitations.  *Statement of Errors*, pp. 10-11.  The Court finds no error in this regard.  Prior to noting that Dr. Krupadev found "some range of motion limitations," the administrative law judge noted that Dr. Krupadev found normal range of motion in the lower extremitites, "except for decreased range of motion for both hips, both knees, and left ankle joint;" decreased range of motion in the left ankle; and decreased range of motion for the cervical and dorsolumbar spine.  *PAGEID* 71.  These findings are consistent with Dr. Krupadev's evaluation.  *See PAGEID* 485-86.

Plaintiff next argues that the administrative law judge erred in discounting Dr. McKinney's opinion on the basis that she "relied on records from 2008 and 2009 and on the claimant's representations."

8

*Id*. at p. 11.  The administrative law judge summarized Dr. McKinney's report and evaluated her opinion, but assigned it "little weight:"

> Psychologist McKinney noted, on exam of October 2012, that the claimant is not involved with the mental health system and did not report a desire to receive services at this time.  The claimant complained of difficulty getting along with others and consistent depression.  He alluded to restricted activity level and avoidance behaviors.  Mental status examination showed somewhat irritable and depressed mood, marginally adequate remote recall skills, and short-term memory skills that were not strong.  The findings from the mental status examination were otherwise unremarkable.  Dr. McKinney diagnosed major depressive order [sic], recurrent, moderate, and assessed a global assessment of functioning (GAF) score of 53 (Exhibit 10F).  Although this would indicate moderate symptoms, these would not be so severe as to preclude all work activity.
>
> . . .
>
> Based on the examination, from a psychological standpoint, Psychologist McKinney opined the claimant has marked limitation (serious limitation, substantial loss of ability to effectively function) in his ability to carry out complex instructions.  She felt the claimant has moderate limitation (more than slight limitation, but able to function satisfactorily) in his ability to make judgments on simple work-related decisions; understand and remember complex instructions; make judgments on complex work-related decisions; interact appropriately with the public, supervisor(s), and coworkers; and respond appropriately to usual work situations and changes in a routine work setting.  Psychologist McKinney also opined the claimant has mild limitation (slight limitation, but can generally function well) in his ability to understand, remember, and carry out simple instructions (Exhibit 10F).  I give little weight to Psychologist McKinney's opinion, as she relied on records from 2008 and 2009 and on the claimant's representations.  His lack of any mental health treatment also limits the weight given to her opinion.  However, I accorded the claimant the benefit of the doubt and further reduced the residual functional capacity to incorporate limitations from the mental impairment.  However, even with a severe mental impairment, there are still jobs he can perform.

9

*PAGEID* 72-74.

The administrative law judge was sufficiently specific as to the weight afforded Dr. McKinney's opinion and the reasons for assigning that weight. The administrative law judge noted that Dr. McKinney was a psychologist and he accurately summarized her report and opinion, but he assigned the opinion "little weight" because Dr. McKinney "relied on records from 2008 and 2009 and on the claimant's representations." *Id*. The administrative law judge also discounted Dr. McKinney's opinion because plaintiff had not received any mental health treatment. The administrative law judge's reasoning is supported by substantial evidence. Notably, Dr. McKinney's medical source statement specifically cites plaintiff's subjective reports as support for Dr. McKinney's assessment, and Dr. McKinney opined that plaintiff's limitations were present since "2008 (per referral info)." *PAGEID* 594-95. It is true that, as plaintiff argues, a psychological evaluation is often dependent on the subjective presentation of the patient. *See Winning v. Comm'r of Soc. Sec.*, 661 F. Supp. 2d 807, 821 (N.D. Ohio 2009). However, it is not improper for an administrative law judge to consider whether a medical opinion is dependent on the claimant's reports of symptoms and limitations, especially where, as here, the administrative law judge also finds that the claimant's subjective symptoms and reported limitations are not entirely credible, *see PAGEID* 70-74, and plaintiff does not challenge that credibility determination.

Finally, plaintiff argues that, by discounting the opinions of Dr. Krupadev and Dr. McKinney, the administrative law judge "had to substitute his lay opinion for that of [the] medical opinion[s,] . . . [which] is strictly prohibited." *Statement of Errors*, p. 12. This Court disagrees. This is simply not a case in which the administrative law judge interpreted raw medical records without the assistance of medical opinions regarding a claimant's abilities. *See Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008). Rather, the administrative law judge was called upon to evaluate the various medical opinions and determine the weight to be assigned to each. The administrative law judge properly engaged in this process and his findings in this regard enjoy substantial support in the record.

Having carefully considered the entire record in this action, the Court concludes that the decision of the Commissioner is supported by substantial evidence. It is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections

must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


April 3, 2015                                                     *s/Norah McCann King*
                                                                  Norah M<sup>c</sup>Cann King
                                                       United States Magistrate Judge


12