```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Timothy D. Sprague,

    Plaintiff,

  v.                            Case No. 2:14-cv-1234

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

    Defendant.

ORDER

    Plaintiff Timothy D. Sprague brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and disability insurance benefits, and for supplemental security income. Plaintiff initially applied for benefits on October 29, 2010, but because he continued to work at Family Ford until July 11, 2012, that date was considered to be his amended alleged date for onset of disability. PAGEID 70. The administrative law judge ("ALJ") held a hearing on February 27, 2013, at which plaintiff and a vocational expert testified.

    In a decision dated March 7, 2013, the ALJ found that plaintiff has the following severe impairments: low back pain, osteoarthritis, and depression. PAGEID 65. The ALJ commented upon the record, which included: MRI's dated September, 2010, and November, 2010, which showed disc disease at L4-5, and mild stenosis, a moderate disc bulge and mild narrowing of the cervical spine; the treatment records of plaintiff's primary care provider, Lloyd D. Dennis, M.D.; the report of H.L. Krupadev, M.D., a state consultant who examined

plaintiff in October, 2012; the report of Regina McKinney, Psy.D., who performed a state consultative psychological evaluation in October, 2012; and a Physical Residual Functional Capacity Assessment completed by W. Jerry McCloud, M.D. a state agency nonexamining medical consultant, in January, 2011, finding that plaintiff was capable of light work, which was affirmed by Gerald Klyop, M.D., a state agency nonexamining medical consultant, in June, 2011.  *See* PAGEID 65, 70-74.

After consideration of the record, the ALJ found that plaintiff has the residual functional capacity to perform light work, with certain physical and mental limitations, that there were jobs available which plaintiff could perform at that level with those limitations, and that plaintiff is not disabled.  This matter is before the court for consideration of plaintiff's April 16, 2015, objections to the April 3, 2015, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r*

*of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006)(quotation marks and citation omitted).

II. Plaintiff's Objections

In his statement of errors, plaintiff objected to the ALJ's consideration of the opinion of Dr. Krupadev, arguing that the ALJ: 1) misrepresented that Dr. Krupadev found some range of motion limitations rather than significant range of motion limitations, and 2) failed to adequately explain how Dr. Krupadev's opinion was inconsistent with the medical evidence. Plaintiff further alleged that the ALJ erred in discounting Dr. McKinney's opinion because it was based on records from 2008 and 2009 and on plaintiff's representations. Plaintiff also argued that, by discounting these medical opinions, the ALJ improperly substituted his lay opinion for that of the medical experts. Plaintiff now objects to the magistrate judge's recommendation that plaintiff's arguments be rejected.

The magistrate judge found that the ALJ accurately summarized Dr. Krupadev's report and gave sufficient reasons for assigning no weight to his opinion. The magistrate judge specifically noted the ALJ's observations that plaintiff continued to work for seventeen months beyond the MRI findings in 2010; that during his follow-up

examination with Dr. Dennis in December, 2012, plaintiff's back was normal and he was in no acute distress; that although plaintiff used a cane during his examination by Dr. Krupadev, his need for a cane was not referred to in any treating notes; and that Dr. Krupadev relied on plaintiff's subjective complaints, which the ALJ found not to be entirely credible. Doc. 21, pp. 7-8. The magistrate judge further found that the ALJ's findings that Dr. Krupadev found "some range of motion limitations" were consistent with Dr. Krupadev's report. Doc. 21, p. 8.

As to the report of Dr. McKinney, the magistrate judge noted that the ALJ discounted Dr. McKinney's opinion because she relied on records from 2008 and 2009, because plaintiff had not received any mental health treatment, and because Dr. McKinney relied on plaintiff's representations, which the ALJ found were not entirely credible. Doc. 21, p. 10. The magistrate judge concluded that the ALJ sufficiently explained why he was giving little weight to Dr. McKinney's opinions. Doc. 21, p. 10.

Upon *de novo* review of the record, the court agrees with the factual and legal analysis of the magistrate judge. The court notes that although the ALJ must provide some explanation of the weight given to state agency opinions, *see* 20 C.F.R. §404.1527(f), the procedural requirement for providing "good reasons" for the weight given to a doctor's opinion does not apply to nontreating sources. *See Ealy*, 594 F.3d at 514. The ALJ discussed Dr. Krupadev's report at length, *see* PAGEID 71, and explained, at PAGEID 73, that he was giving Dr. Krupadev's opinion no weight because his findings were inconsistent with the medical evidence of record (including the records of Dr. Dennis, which the ALJ had previously discussed at

4

PAGEID 71) and with Dr. Krupadev's own examination of plaintiff, during which he found some range of motion limitations and tenderness in the spine, but no weakness or atrophy. *See Dawson v. Comm'r of Soc. Sec.*, 468 F.App'x 510, 513-14 (6th Cir. 2012)(ALJ could consider inconsistencies between doctor's opinion and his examination findings). The ALJ discussed plaintiff's use of a cane at PAGEID 72, and properly relied on the lack of any reference to the use of a cane in treatment notes (the ALJ).

The ALJ also properly noted Dr. Krupadev's reliance on plaintiff's representations, which the ALJ found were not entirely credible, as a reason for giving his opinion no weight. *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007)(ALJ's rejection of doctors' opinions was supported by substantial evidence where doctors formed their opinions solely from claimant's reporting of her symptoms and conditions, and the ALJ found that claimant was not credible). The ALJ was permitted to consider plaintiff's credibility, *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ discussed at length the reasons why he found that plaintiff's statements concerning the limiting effects of his symptoms were not entirely credible. *See* PAGEID 70-72.

The ALJ also explained why he was giving little weight to the opinion of Dr. McKinney. The ALJ discussed Dr. McKinney's report and noted that her finding of a global assessment of functioning score of 53 would indicate moderate symptoms not so severe as to preclude all work activity. *See* PAGEID 72. The ALJ properly noted Dr. McKinney's reliance on records from 2008 and 2009. The fact that plaintiff continued to work until July of 2012 indicates that these older records are not relevant to whether plaintiff had a

5

severe mental impairment which would preclude him from working after July, 2012.  The ALJ did not err in considering plaintiff's lack of any professional mental health treatment.  The only treatment of record was that plaintiff had obtained prescription medication for depression from a nurse practitioner at Dr. Dennis's office, a fact which the ALJ acknowledged.  PAGEID 70, 72.  *See Gault v. Comm'r of Soc. Sec. Admin.*, 535 F.App'x 495, 496 (6th Cir. 2013).  Further, the ALJ noted that, despite giving little weight to Dr. McKinney's opinion, he "accorded the claimant the benefit of the doubt and further reduced the residual functional capacity to incorporate limitations from mental impairment."  PAGEID 74.

In his objections to the magistrate judge's analysis of the ALJ's decision, plaintiff notes that the magistrate judge looked to the entire decision rather than focusing solely on the paragraphs which specifically addressed the weight being given to the consultants' opinions.  However, there is no rule which requires the ALJ to repeat at length all of the statements made previously in his decision in discussing the issue of the weight to be given to expert opinions.  Where, as here, the ALJ thoroughly addressed such matters as the consultants' reports, the other medical evidence of record, and plaintiff's credibility earlier in his decision, the ALJ was not required to repeat his discussion of those matters again in his discussion of the  weight to be assigned to the medical opinions.  The ALJ's decision in this case, properly considered by the magistrate judge in its entirety, permits adequate judicial review of the ALJ's findings in this case.

This court also agrees with the magistrate judge's rejection of plaintiff's argument that, by giving the opinions of Drs. McKinney and Krupadev little or no weight, the ALJ was usurping

6

their role as doctors.  This was not a case where the ALJ was "playing doctor."  The ALJ did not interpret raw medical data; rather, he permissibly concluded that the functional limitations proposed by Drs. McKinney and Krupadev were not supported by the objective medical evidence in the record.  *See Conger v. Comm'r of Soc. Sec.*, No. 2:13-cv-811, 2014 WL 4272734 at *9 (S.D.Ohio Aug. 28, 2014).

This court agrees with the recommendation of the magistrate judge that the ALJ properly evaluated the various medical opinions and determined the weight to be assigned to each opinion, and that his findings "enjoy substantial support in the record."  Doc. 21, p. 11.

III. Conclusion

For the reasons stated above, the court concludes that the Commissioner's non-disability finding is supported by substantial evidence.  The court overrules the plaintiff's objections (Doc. 22), and adopts and affirms the magistrate judge's report and recommendation (Doc. 21).  The decision of the Commissioner is affirmed, and this action is dismissed.  The clerk is directed to enter final judgment in this case.

It is so ordered.

Date: April 23, 2015                    s/James L. Graham
                                        James L. Graham
                                        United States District Judge